IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY R. RICHARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-00646-JPG-SCW |
| | ) |
| U.S. STEEL, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter comes before the Court on Defendant U.S. Steel's Motion (Doc. 26) for Summary Judgment. Plaintiff filed a Response (Doc. 29) and the Defendant filed a Reply (Doc. 30). Local Rule 7.1(c) states that reply briefs are not favored and should be filed only in exceptional circumstance. Defendant states such circumstances and the Court will consider the reply brief.

**1. Background.**

Plaintiff initially filed a complaint in this Court in November 2012, alleging retaliation, intentional infliction of emotional distress ("IIED"), and sexual harassment against defendant U.S. Steel. *See Richards v. U.S. Steel*, 3:12-cv-01195-JPG-DGW ("Richards I"). The Court dismissed the retaliation and sexual harassment claims as time barred and declined to exercise jurisdiction over the remaining claim. (Doc. 41, Richards I).

Plaintiff then filed the current complaint ("Richards II") in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois and the defendant removed based on diversity. Richards II alleges intentional infliction of emotional distress ("IIED") based on the same facts alleged in Richards I. The incidents occurred between April 2010 and February 2011.

Defendant's motion for summary judgment argues that plaintiff's claim for IIED is: (1) preempted by the Illinois Human Rights Act; (2) barred by the applicable statute of limitations; and/or (3) fails to state a claim because plaintiff does not allege extreme and outrageous conduct.

**2. Standard.**

Summary judgment must be granted, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The initial summary judgment burden of production is on the moving party to show the Court that there is no reason to have a trial. *Celotex*, 477 U.S. at 323; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013). Where the non-moving party carries the burden of proof at trial, the moving party may satisfy its burden of production in one of two ways. It may present evidence that affirmatively negates an essential element of the non-moving party's case, *see* Fed. R. Civ. P. 56(c)(1)(A), or it may point to an absence of evidence to support an essential element of the non-moving party's case without actually submitting any evidence, *see* Fed. R. Civ. P. 56(c)(1)(B). *Celotex*, 477 U.S. at 322-25; *Modrowski*, 712 F.3d at 1169. Where the moving party fails to meet its strict burden, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings, but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

Finally, "[i]t is, of course, well established that, as a general matter, a district court exercising jurisdiction because the parties are of diverse citizenship must apply state substantive law and federal procedural law." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). As this court is exercising jurisdiction based on diversity, it will apply Illinois substantive law and federal procedural law.

**3. Analysis.**

The Illinois Human Rights Act provides that, "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(D). The Illinois Supreme Court has held that this provision extends to actions, "seeking redress for a 'civil rights violation' within the meaning" of Illinois Human Rights Act. *Geise v. Phoenix Co. of Chicago, Inc.,* 159 Ill.2d 507, 516 (1994).

3

In *Janson v. Packaging Corp. of American*, the United States Court of Appeals for the Seventh Circuit found:

> As for Jansen's claim of intentional infliction of emotional distress, it is preempted by the Illinois Human Rights Act, which confines claims of 'civil rights violation' under Illinois law to proceedings under the Act. Sexual harassment is one of the civil rights violations specified in the Act, and Illinois' highest court has held therefore that the common law tort claims that depend on allegations of sexual harassment may be brought only under the Act. Jansen's common law claim of infliction of emotion distress is support by the identical factual allegations of her Title VII claims and is therefore preempted."

123 F.3d 490, 493 (7th Cir. 1997).

In this case, there is only one defendant – U.S. Steel. Although the plaintiff's complaint contains numerous allegations with regard to her supervisor and other employees of U.S. Steel, those individuals are not a party to this matter. The whole of the plaintiff's complaint is based upon a theory of a hostile work environment caused by the various acts of U.S. Steel's employees. In her response, plaintiff plainly states that, "Richards asserts claims of Sexual Harassment, Retaliation and Intentional Infliction of Emotional Distress in her complaint against U.S. Steel." Doc. 29, page 2. The Plaintiff's claim of IIED is "inextricably linked" to her claims of retaliation and sexual harassment. Without the retaliation and sexual harassment allegations, the plaintiff has no independent basis for imposing liability on the defendant and as such, her IIED claim is preempted by the Illinois Human Rights Act.

The Court notes that the rule from *Geise* does not preclude all tort claims related to sexual harassment. Torts of assault, battery, and other common law tort claims are actionable independent of sexual harassment. *See Maksimovic v. Tsogalis*, 177 Ill.2d 511 (1997). Plaintiff argues that her IIED claim is an independent tort and beyond acts which fall under the Illinois Human Rights Act; however, a review of the complaint indicates that all the allegations relate to

a hostile work environment and retaliatory discharge and the complaint states that such actions, "would cause or was highly probable to cause profound emotional distress." Again, it is clear that the Plaintiff's claim of IIED is "inextricably linked" to her claims of retaliation and sexual harassment.

Therefore, plaintiff's claim of IIED is preempted by the Illinois Human Rights Act and an Illinois state court would not have jurisdiction to hear her claim. As such, plaintiff has failed to state a claim upon which relief may be granted in a federal court sitting in diversity. *See Tacket v. Gen. Motors Corp., Delco Remy Div.,* 93 F.3d 332, 334 (7th Cir.1996).

Because the court has found that the Plaintiff's claim is preempted by the Illinois Human Rights Act and therefore, fails to state a claim, there is no need for the Court to address whether Plaintiff's claim is also barred by the applicable statute of limitations and/or fails to state a claim because the plaintiff did not allege extreme and outrageous conduct.

**4. Conclusion**

For the above reasons, Defendant U.S. Steel's Motion (Doc. 26) for Summary Judgment is **GRANTED**. This case is **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** 5/12/2016

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**